to the Secretary of Veterans Affairs. Thank you, Your Honor. May it please the Court, my name is Peter Sartre, a member of the Wake County North Carolina Bar. Here on behalf of Mr. Amos Thompson, Mr. Thompson served in the Army from 1961 until 1964. He served in various locations throughout the world, including longer periods of time at Fort Lewis and Fort Richardson in Alaska. While he was there, he was assigned as an ordnance specialist for the Nike Hercules missile. In the course of doing his job, he was required to lift and haul heavy portions of the missile that he was a maintenance technician for. After he served, he was treated by civilian doctors, according to his testimony in North Carolina, from 1964 to 1966. He made his first claim for parole in 1961. He was unable to produce the medical records of the various doctors in North Carolina that treated him from 1964 to 1966. Can I just interrupt? The difficulty I'm having with this case is to the matter of, I guess, what I think the Court of Veterans Claims decided, which is erase all, I believe, Tony Bernard, all these issues in your supplemental briefing to the Court of Veterans Claims. And it seems to me that under Rule 28 in the case law, the Court of Veterans Claims was free to say, no, we can't raise these new additional issues in the context of such a briefing, which was intended to be very specific, to specifically address the Sanders-Simmons issue, which we're all familiar with in the context. Because the court directed, this court remanded the case to the Court of Veterans Appeals for direction to determine if the findings by the court, or the findings by the Board of Veterans Appeals were prejudicial to the veteran. We contended that what I'm trying to do is just explain the entire facts that give rise to his claim in showing a prejudice. The prejudice occurred when the board... But you're at least raising new issues that weren't included in your opening brief, correct? I mean, these were new issues. I mean, you're raising issues here with respect to requirements for medical exams and all of these other matters, which it's not intuitively obvious to me why that would necessarily be appropriate for initial inclusion in a supplemental briefing on the prejudicial error question. It was to waive the issue. I understand the position of the court, Your Honor. I was not- That's my position. It's just my question. All right. I was not counsel for Mr. Thompson at the first briefing in the Court of Veterans Appeals. That doesn't change the fact. You don't point fingers. I understand that. I have questions about the status of the case. In order for the Department of Veterans Affairs to establish that they met its duty, you have to look at the entire statute requiring or setting forth the duty of the Department of Veterans Affairs when a veteran submits a claim. And we contend that they not only did not meet the requirements under the statute, but when they refused to do so, that was prejudicial. But your contention with respect to whether or not the contingency rate has been then upheld with respect to whether or not they acted consistently on their duty were, tell me if I'm wrong, I don't think were raised initially in your case. They were not, Your Honor. And so I understand the second part of that, which is whether or not those claims have been appropriately supplemented in the briefing context. It's just hard to me to understand, to appreciate why the contentions themselves should appropriately come in at the supplemental briefing stage. Do you understand what I mean? I do understand, Your Honor. And I'm sort of locked on the horns of the dilemma. I can't ignore the dilemma that this veteran faces. That is, if this, number one, we think that the Department of Veterans Affairs should have dropped the ball in its duty to assist him, then I was substituted as counselor, and I contend that what is before the court should have interfered or at least affected the ability of the Department of Veterans Affairs to provide the assistance to him that he needed. It's not clear, Your Honor. I just don't want to see this poor guy hung on some procedural gotcha. It looks like that's what's going to happen. That's why I made the second argument about the constitutionality of the process. But these aren't necessarily procedural gotchas. The rules of tribunals are intended to have an expeditious and fair procedure. So if something wasn't raised at the proper level at the proper time, that's not necessarily a gotcha. If you're a 65-year-old veteran sitting down, semi-retired status, trying to keep the lights on in your house in Garner, North Carolina, it looks that way to me. And I'm not trying to be disrespectful to the court or to the Department of Veterans Affairs or to counsel who opposes. The point is there is a duty. Congress said the Department of Veterans Affairs has a duty. We contend that that duty was never met, that the duty was to provide a medical examination for both the asthma and his back injury. It's as simple as that. If all of this posturing by the Department of Justice, Department of Veterans Affairs, results in a denial of this guy's claim, then I think that's wrong. I can't argue. I applaud this court's ability to go from boat hulls to fisheries, endangered species, to a speck forest problem, picking up parts of a Nike Hercules missile in 1962. It's an incredible undertaking you have. And I understand that the rules are set forth with specific reasons to create an environment of judicial economy and finality. I just think in this case it's going to wind up on the wrong side of the fence. Well, let me ask you about the more substantive issues that you raise here, and that is, if I'm not correct, that you're suggesting that he had some due process entitlement to a medical examination. Is that the basis? Yes, ma'am. And that is because? Because, again, Congress imposed the duty on the veteran. This isn't supposed to be litigation the way it would be between me and some other lawyer down in North Carolina, where you try everything you can to get an edge, to win. This is supposed to be a friendly or a less hostile environment for a veteran to come in and say, this is what happened to me, this is what I'm suffering from. The Veterans Administration then has to say, okay, find these records. If they can't find records and this guy's making a claim for an entitlement to a pension, then the Veterans Administration can order a medical examination. We contend that that's the failure. Those were all of my points, Your Honor. I would like to leave the Court with this thought, and that is the word that's used in the statute is duty. It heartens in my mind the words of General Robert E. Lee, who said that duty is the sublimest word in the English language. You can never do more. You should never wish to do less. In closing, I'd like to say that Specialist Thompson did his duty, and now it's the burden of this Court to cut through the Gordian knot of this procedural mess that we're in and do its duty. Thank you. Thank you, Your Honor. May it please the Court. As has been pointed out, while represented by Thompson for the Veterans Court in 2006, Mr. Thompson argued issues regarding the sufficiency of the notice in 51-3, subsection A, and argued about some missing records that were referred to earlier in the 1960s. That decision resulted in a 2007 Veterans Court decision, finding that to the extent there was a notice problem, he wasn't prejudiced by it. Mr. Thompson appealed to this Court, and pursuant to this Court, Sanders' opinion remanded for reexamination of the prejudicial error issue, taking into account what this Court said in Sanders' respect to the burdens. That was done through a supplemental briefing, and at that point, for the first time, these arguments with respect to both the statutory violation of 51-3 capital A and a due process argument were raised with respect to the lack of a provision of a bronchoscopy examination. And, as we find in our brief, the Veterans Court was properly rejected those arguments raised at that late stage. This Court recently addressed this issue in a different context in Edwards, in which in a reply brief before the Veterans Court, counsel raised a due process challenge. But different from this case, in that case, the Veterans Court actually went ahead and addressed it so that there was something for this Court to deal with. But in this case, this Veterans Court said plainly that they weren't going to address that late argument. And pursuant to this Court's decision, of course, we suggest that the case needs to be dismissed. Did they have the discretion in their view to consider it as a discretionary choice, or were they compelled to not consider it? I think under their rules, there are probably some discretion in that. I think you cite Rule 28 in that brief, which talks about that the Court is free to reject any late-filed arguments or arguments that are not responsive to the briefs that are requested. If you're arguing this is a dismissal for lack of jurisdiction, why wouldn't this be, I mean, if you take it, we agree with your view, unaffirmed, why don't we have jurisdiction to conclude whether or not the Veterans Court properly or improperly excluded certain arguments? Well, when we read Foresee, there's some suggestion in Foresee that an issue that is neither raised nor addressed by the Veterans Court, and if we assume that this was improperly raised, then I think that we could argue that the issue was not properly before the Court. The Court was also free to say that the Veterans Court acted properly in simply enforcing that rule with respect to the briefing, so it would be unaffirmed. Is there any need to address the merits questions? We set out in our briefs our position with respect to the merits questions. I think that the Court has no questions about those. I'm going to ask the Court to confirm for us. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock.